UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MIKE SMITH, )
 )
       Petitioner, )
v. ) No. 1:11-cv-158-SEB-MJD
 )
DONNA CARNEYGEE, )
 )
       Respondent. )

## Entry Discussing Petition for Writ of Habeas Corpus

This cause is before the court on the petition for writ of habeas corpus of Mike Smith. Smith's request to proceed *in forma pauperis* [4] is **granted.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Smith is confined at an Indiana prison and seeks habeas corpus relief with respect to a prison disciplinary proceeding identified as No. CI 10-05-0075, in which Smith was charged with and found guilty of violating prison rules through his possession of an electronic device.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In this case, Smith's claim is that the conduct board disregarded evidence that the cell phone and charger found in the cell assigned to him during the afternoon of May 5, 2010, was actually the property of his cellmate. This is a challenge to the sufficiency of the

evidence supporting the conduct board's decision that Smith was in possession of the contraband. The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. *Hill,* at 455-56.

Under the doctrine of constructive possession, Smith is responsible for contraband found in his cell. *White v. Kane,* 860 F.Supp. 1075, 1079 (E.D.Pa. 1994). The information recited in the conduct report (which is appended to the habeas petition) is constitutionally sufficient to support the conduct board's decision. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (federal habeas court "will overturn the . . . [hearing officer's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994).

Because Smith's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

**IT IS SO ORDERED.**

Date: 02/18/2011

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana